UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY D. HACKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00743-TWP-DML |
| ) | |
| FORESTER, ) | |
| CREAR, ) | |
| OWADAI, ) | |
| BERRY, ) | |
| ADULT DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Anthony Hackett, a detainee at the Marion Adult Detention Center, alleges that the defendants have violated his civil rights by failing to provide access to an adequate law library. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Hackett has been detained at the Adult Detention Center since January 2022. Inmates in his housing unit are not able to visit a physical law library. Instead, they are given access to electronic kiosks with very few resources that are not helpful in working on their legal cases. Mr. Hackett has contacted numerous officials at the Adult Detention Center about this issue with no success.

## III. Discussion of Claims

Mr. Hackett asserts that the defendants have violated his constitutional right to access the courts. Inmates do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "[p]risoners have a fundamental right of access to the courts that prisons must *facilitate* by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)) (emphasis added). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

To state a plausible access-to-courts claim, the plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d at 661. "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The right to access the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

This is true "even in forward-looking prisoner class actions to remove roadblocks to future litigation." *Id.* (citing *Casey*, 518 U.S. at 353, n.3).

To prevail, then, a prisoner must "submit evidence that he suffered actual injury . . . and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015)). And, at the pleading stage, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415.

Mr. Hackett's complaint does not support a reasonable inference that he has suffered an actual injury because of the Adult Detention Center's insufficient library materials. He does not describe any cause of action, much less allege facts supporting a reasonable inference that the defendants have interfered with it by preventing him from accessing legal resources. Therefore, his complaint is **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Conclusion and Further Proceedings

Mr. Hackett's complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. He will have **through May 27, 2022**, to file an amended complaint or show cause why the Court should not dismiss the action and enter final judgment.

If Mr. Hackett files an amended complaint, it must correct the deficiencies discussed in this entry. It must include the case number associated with this action, no. 1:22-cv-00743-TWP-DML. It will completely replace the original complaint, and it will be screened pursuant to

§ 1915A, so it must include all defendants, claims, and factual allegations Mr. Hackett wishes to pursue in this action.

Mr. Hackett will also have **through May 27, 2022**, to pay the $402.00 filing fee or demonstrate his financial inability to do so.

Failure to comply with these orders in the time provided may result in dismissal of the action without further warning or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 4/29/2022

_[signature]_

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY D. HACKETT
664348
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203