UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY D. HACKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00743-TWP-DML |
| | ) | |
| FORESTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT, DISMISSING
ACTION, AND DIRECTING ENTRY OF FINAL JUDGMENT**

The Court screened Anthony Hackett's complaint on April 29, 2022, and dismissed it for failure to state a claim upon which relief may be granted. Dkt. 5. Mr. Hackett's amended complaint is also subject to screening under 28 U.S.C. § 1915A. Because it also fails to state a plausible claim for relief, the Court dismisses this action.

**I. Screening Standard**

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Amended Complaint

Mr. Hackett asserts claims for injunctive relief and damages based on the quality of the law library—or the quality and number of legal materials he can access—at the Marion County Adult Detention Center. His claims are based on the following allegations.

Mr. Hackett has been confined at the Adult Detention Center since January 2022. He is a pretrial detainee. Mr. Hackett has elected to proceed without counsel in his criminal case.

Inmates access legal research materials on a "kiosk machine." Dkt. 6 at 2. Mr. Hackett can read case law on the kiosk, but he cannot print copies, and he has no resources to aid him in writing motions.

## III. Discussion of Claims

The Supreme Court held in *Bounds v. Smith*, 430 U.S. 817 (1977), "that 'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds*, 430 U.S. at 828).

"[A]n inmate alleging a violation of *Bounds* must show actual injury." *Id.* at 349. This requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id.* Therefore, to plead a viable access-to-courts claim, a plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012). The right to access the courts "is ancillary to the underlying claim, without which

a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

The Seventh Circuit has suggested that, where "injunctive relief is sought," "it is not absolutely essential that the plaintiffs be able to show that they have lost meritorious cases as a result of the blockage of which they are complaining." *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998). "It is enough if they can show that they are highly likely to have a meritorious suit in the future that they will not be able to litigate effectively because of the defendants' infringement of the constitutional right of access." *Id.* But "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

The Court dismissed Mr. Hackett's original complaint because he failed to plead allegations of an actual injury. *See* dkt. 5 at 2–3. The amended complaint suffers from the same shortcoming. Mr. Hackett alleges that he is "unable to properly educate [him]self on law." Dkt. 6 at 2. But he does not allege that he has lost a meritorious defense because he has not been able to properly research or develop it. He does not allege that "the alleged shortcomings in the library or legal assistance program hindered his efforts." *Lewis*, 518 U.S. at 351. He simply alleges that his access to materials is subpar, and that is not enough, on its own, to support a plausible claim for relief.

### IV. Conclusion

This action is **dismissed** for **failure to state a claim** upon which relief may be granted. The action is **dismissed without prejudice**. The **clerk is directed** to enter **final judgment**. Mr. Hackett's motion for leave to proceed *in forma pauperis*, dkt. [7], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 6/15/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY D. HACKETT
664348
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203